**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IVERSON J. DIAZ GOMEZ, | ) | |
| | ) | |
| Petitioner, | ) | 3:26-CV-01542-MJH |
| | ) | |
| vs. | ) | |
| | ) | |
| LEONARD ODDO, et al., | ) | |
| | ) | |
| Respondents, | ) | |

**Order on Motion to Enforce**

On September 11, 2026, this Court Ordered that Petitioner be given an individualized bond hearing within thirty days. ECF No. 19. Thereafter, Petitioner filed a Motion for Clarification requesting that the District Court indicate that the government must bear the burden of proof at the bond hearing. ECF No. 20. The Court granted the Motion and clarified that the burden of proof remains with Petitioner. Recognizing that the time from Petitioner filing the Motion to the time the Court ruled on the Motion, caused a delay in holding a bond hearing, the Court restarted the thirty-day time period within which a bond hearing must be held. Specifically, the Court stated:

> Respondents shall cause Petitioner to be taken to a neutral immigration judge of the Executive Office of Immigration Review for an individualized bond hearing *to occur within thirty (30) days of the date of this order*, or else release Petitioner by such date. This *timeline may be extended by Petitioner upon a motion to the immigration judg*e. Respondents shall ensure that the hearing include the required due process, including, at a minimum, factfinding based upon a record produced before a decisionmaker and disclosed to Petitioner; an opportunity to make arguments on Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

Order, Sept. 21, 2026, at 2, ECF No. 21 (emphasis added). The Court's Order again provided that Petitioner had the right to request an extension of time to hold the bond hearing.

Presently before the Court is Petitioner's Motion to Enforce Court Order. ECF No. 22. In the Motion, Petitioner explains that a bond hearing was scheduled for September 24, 2026. On September 18, 2026, Petitioner's counsel filed a Motion to Withdraw Request for Custody Redetermination Hearing. Mot. to Withdraw Request, Sept. 18, 2026, ECF No. 22-2. In support of the Motion, Petitioner's counsel explained that additional time was needed "to prepare for a bond hearing, including gathering evidence necessary to establish that respondent is neither a danger nor a flight risk," after which counsel "would request another custody redetermination proceeding." *Id.* at 3. The Immigration Judge did not rule on the Motion prior to the September 24, 2026 bond hearing.

Petitioner was not present at the bond hearing, as he had been moved that morning, by writ, in connection with New York state criminal charges. Petitioner's counsel was present at the bond hearing on September 24, 2026. Because Petitioner was not available to attend the bond hearing, the IJ eventually postponed the hearing to October 13, 2026. Separately, on September 25, 2026, by written Order, the IJ denied Petitioner's Motion to Withdraw Request for Custody Determination. Order of IJ, Sept. 25, 2026, ECF No. 22-4.The IJ stated that the reason for the denial was that "[t]he Court cannot permit the request to be withdrawn because a federal district court has ordered a bond hearing after granting a habeas petition." *Id.*

The IJ's central reason for denial appears to be the fact that this Court Ordered Respondents to cause Petitioner to be taken before an IJ for an individualized Bond Hearing within thirty days of the date of the Order. The IJ was certain that she lacked the power to grant the requested relief because of this Court's Order. During the hearing, counsel stated to the IJ that "the language of the habeas order [this Court's Order] does contemplate that Mr. Diaz can by motion ask for time beyond the 30 days." ECF No. 22-3, at 1. The IJs response was, "Right

but the problem is I can't withdraw it though. Unless you get a district court order, I can't vacate it. I mean I can um… because you asked to withdraw the request. I can't withdraw a habeas order." Id.

With respect to the Court's Order providing that Petitioner is permitted to file a motion to the IJ to extend the timeline of thirty days, the IJ stated: "Why do we need to go beyond 30 days for you to prepare for a bond hearing? I set regular bond hearings within a week of the submission for the request. So why would I go beyond 30 days? Tr. Hrg. 2. Counsel also presented to the IJ, the substantive reasons for why the bond hearing should be continued, such as, Petitioner's state criminal case is likely to resolve favorably and Petitioner has a T-Visa application pending. The IJ's response was: "Counsel, none of that... I am not continuing a bond hearing for any of those reasons. That's a no. He got the habeas now. Whoever filed the habeas then shouldn't have filed the habeas. I mean he should be ready." Tr. Hrg. 3.

Courts have the inherent power to enforce their own Orders. *Chambers v. NASCO*, 501 U.S. 32 (1991) ("It has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'") (quoting *United States v. Hudson*, 7 *Cranch* 32, 34, 3 L.Ed. 259 (1812)). In this case, there appears to be a misunderstanding of this Court's Order granting Petitioner an individuated bond hearing. While the Court did grant a bond hearing, that relief was provided as an alternative to Petitioner's requested relief of immediate release, which was denied. ECF No. 12, at 18-19.

The Court concludes that the IJ's reason for denying Petitioner's Motion to Withdraw was based upon an erroneous assumption about the IJ's power vis-a-vis this Court's Order. As

stated, the IJ's written reason, stated in her Order, is: "The Court cannot permit the request to be withdrawn because a federal district court has ordered a bond hearing after granting a habeas petition." ECF No. 22. Said interpretation of this Court's Order, if true, would essentially negate the Court's provision that Petitioner is permitted to seek a continuance of the bond hearing. The applicable language from the Order states:

> the Court ORDERS that Respondents shall cause Petitioner to be taken to a neutral immigration judge of the Executive Office of Immigration Review for an individualized bond hearing to occur within thirty (30) days of the date of this order, or else release Petitioner by such date. This timeline may be extended by Petitioner upon a motion to the immigration judge.

ECF No. 21. The Order expressly permits a Petitioner to ask to extend the timeline by presenting a motion to the <u>*immigration judge*</u>. Nothing in the Court's Order suggests or implies that an immigration judge, when presented with a Petitioner's motion to extend, has no power to grant the extension. Indeed, the clause permitting Petitioner to seek an extension would be meaningless if the immigration judge could not act to extend the time. And, forcing the Petitioner to proceed with his bond hearing before he has had time to adequately prepare his case may deprive him of his due process right to such hearing. Therefore, the Court will remand the case to the immigration judge with instructions to reconsider Petitioner's Motion to Withdraw, with the direction that the immigration judge does have the power and jurisdiction to rule on such a motion.

AND NOW, this 7th day of October 2026, IT IS ORDERED that Petitioner's Motion to Enforce Court Order, ECF No. 22, is GRANTED, in part.

IT IS GRANTED to the extent that a neutral immigration judge shall reconsider petitioner's September 18 2026 Motion to Withdraw Request for Custody

Redetermination Hearing and to have his § 1226(a) bond hearing held once Petitioner confirms his case is ready to proceed.

IT IS FURTHER ORDERED that pursuant to the Court's September 21, 2026 Order the immigration judge is empowered to rule on the Motion and extend the date for bond hearing to a date when Petitioner is prepared to proceed.

Petitioner's Motion is otherwise DENIED.

BY THE COURT:

Marilyn J. Horan
United States District Judge